1

2

3

4

5

6

7

8                  UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                       ----oo0oo----

11

12   PATRICIA HUITT,                    No. 2:20-cv-00954-WBS-KJN

13            Plaintiff,

14       v.                             MEMORANDUM AND ORDER RE:
                                        DEFENDANTS TEVA WOMEN'S
15   TEVA PHARMACEUTICALS USA, INC.,    HEALTH, LLC, TEVA WOMEN's
     TEVA WOMEN'S HEALTH LLC; TEVA      HEALTH, INC. AND TEVA
16   WOMEN'S HEALTH INC. et al.,        PHARMACEUTICAL USA, INC.'S
                                        MOTIONS TO DISMISS
17            Defendants.

18

19                       ----oo0oo----

20            Plaintiff Patricia Huitt ("plaintiff" or "Huitt")

21   brought this action against Teva Women's Health, LLC, Teva

22   Women's Health, Inc., and Teva Pharmaceutical USA, Inc.

23   ("defendants" or "Teva") seeking damages related to the

24   defendants' design, manufacture, surveillance, sale, marketing,

25   advertising, promotion, labeling, packaging, and distribution of

26   the ParaGard Intrauterine Medical Device ("ParaGard IUD").

27   Before the court are the Teva defendants' substantively identical

28   motions to dismiss for failure to state a claim upon which relief

                               1

1  can be granted under Federal Rule of Civil Procedure 12(b)(6).

2  ("Mots. to Dismiss" (Docket Nos. 9, 12).)

3  I.   Factual and Procedural Background

4        Plaintiff was implanted with a ParaGard IUD in 2016.

5  (See Compl. at ¶ 48) (Docket No. 1).  In April 2018, plaintiff

6  went to have the ParaGard IUD removed in Sacramento, California.

7  (Id. at ¶ 50.)  An ultrasound of plaintiff's pelvis revealed that

8  the ParaGard IUD was mispositioned.  (See id.)  Plaintiff's

9  healthcare provider attempted to remove the ParaGard IUD as

10 instructed by Teva.  (Id. at ¶ 51.)  However, only a portion of

11 the ParaGard IUD was retrieved, with one arm missing.  (Id.)  On

12 May 10, 2018, plaintiff's physician removed the ParaGard IUD arm

13 via hysteroscope.  (Id. at ¶ 52.)  Plaintiff alleges that neither

14 she nor her doctors were provided with warnings from the

15 defendants of the risk of ParaGard IUD failure and injury or

16 adequate warning about the risks in removing the ParaGard IUD.

17 (Id. at ¶ 53.)  As a result, plaintiff claims that she has

18 suffered significant bodily and mental injuries, pain and

19 suffering, loss of earnings and earning capacity, and has

20 incurred and will incur medical expenses.  (Id. at ¶ 56.)

21       On May 11, 2020, plaintiff brought this action against

22 defendants alleging: (i) negligence, (ii) strict liability design

23 defect, (iii) strict liability manufacturing defect, (iv) strict

24 liability failure to warn, (v) common law fraud, (vi) negligent

25 misrepresentation, (vii) breach of express warranty, (viii)

26 breach of implied warranty, (ix) violation of consumer protection

27 laws, (x) gross negligence, and (xi) seeking punitive damages.

28 (See generally Compl.)

1 II.  Legal Standard

2       Federal Rule 12(b)(6) allows a defendant to assert a

3 defense by motion for "failure to state a claim upon which relief

4 can be granted."  Fed. R. Civ. P. 12(b)(6).  The inquiry before

5 the court is whether, accepting the allegations in the complaint

6 as true and drawing all reasonable inferences in the plaintiff's

7 favor, the plaintiff has stated a claim to relief that is

8 plausible on its face.  See Ashcroft v. Iqbal, 556 U.S. 662, 678

9 (2009).  "The plausibility standard is not akin to a 'probability

10 requirement,' but it asks for more than a sheer possibility that

11 a defendant has acted unlawfully."  Id. at 678.  "Threadbare

12 recitals of the elements of a cause of action, supported by mere

13 conclusory statements, do not suffice."  Id.  Rather, "[w]hile

14 legal conclusions can provide the framework of a complaint, they

15 must be supported by factual allegations."  Id. at 679.

16       A statute of limitations defense "may be raised by a

17 motion for dismissal or by summary judgment motion."  Jablon v.

18 Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).  "If the

19 running of the statute is apparent on the face of the complaint,

20 the defense may be raised in a motion to dismiss."  Id.  If

21 relief is barred by the applicable statute of limitations, "the

22 complaint is subject to dismissal for failure to state a claim .

23 . ."  Jones v. Bock, 549 U.S. 199, 215 (2007).

24 III. Discussion

25       California law supplies the statute of limitations to

26 be applied in a diversity action on state law claims.  See

27 Yenidunya Invs., Ltd. v. Magnum Seeds, Inc., No. 2:11-1787 WBS

28 CKD, 2011 WL 5241350, *3 (E.D. Cal. Oct. 3, 2011) (citing Walker

1   v. Armco Steel Corp., 446 U.S. 740, 752–53 (1980)).  California
2   Code of Civil Procedure § 335.1 establishes a two-year statute of
3   limitations for an action for personal injury caused by the
4   alleged wrongful act or negligence of another.  See Cal. Code
5   Civ. Proc. § 335.1.  This limitations period on personal injury
6   claims based upon defective products applies to all causes of
7   action asserted in a personal injury action, regardless of the
8   legal theory invoked.  Eidson v. Medtronic, Inc., 981 F. Supp. 2d
9   868, 893 (N.D. Cal. 2013) (citing Soliman v. Philip Morris Inc.,
10  311 F.3d 966, 971 (9th Cir. 2002)).

11          Defendants initially contended that plaintiff's cause
12  of action accrued "in April 2018, and certainly no later than May
13  10, 2018."  (See Teva Pharmaceutical USA's Mot. to Dismiss at 14
14  ("Teva USA's MTD") (Docket No. 12).)  Defendants argue that
15  because plaintiff did not file her complaint until May 11, 2020,
16  her claims are time-barred under California Code of Civil
17  Procedure § 335.1.  (Id.)  However, May 10, 2020, was a Sunday.
18  Pursuant to California Code of Civil Procedure § 12(a), "if the
19  last day for the performance of any act provided or required by
20  law to be performed within a special period of time is a holiday,
21  then that period is hereby extended to and including the next day
22  that is not a holiday."  See Cal. Code Civ. Proc. § 12(a).
23  California Code of Civil Procedure § 10 explains that "[h]olidays
24  within the meaning of the code are every Sunday and any other
25  days that are specified."  See Cal. Code Civ. Proc. § 10.
26  Therefore, if plaintiff's cause of action accrued on May 10,
27  2018, when the embedded arm of her ParaGard IUD was removed, she
28  is not time-barred under the two-year statute of limitations.

1    Defendants now withdraw their argument that the claim

2  "certainly accrued no later than May 10, 2018," (see Teva USA's

3  MTD at 14), and instead emphasize that plaintiff's claims accrued

4  in April 2018 and should be time-barred under the statute of

5  limitations based on that date.  (See Reply in Supp. of Mot. to

6  Dismiss at 3 ("Reply") (Docket No. 17).)  Accordingly, in order

7  to determine whether plaintiff's complaint is time-barred, the

8  court must analyze when plaintiff's cause of action accrued.

9    A.   Accrual

10    Generally speaking, "a cause of action accrues at 'the

11  time when the cause of action is complete with all of its

12  elements.'"  See Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th

13  797, 806 (2005) (citing Norgart v. Upjohn Co., 21 Cal. 4th 383,

14  397 (1999)).  The elements of a cause of action are generically

15  referred to by sets of terms like wrongful conduct, causation,

16  and injury or harm.  See Norgart, 21 Cal. 4th at 397.  In both

17  negligence and strict liability products liability claims, such

18  as those at issue here, "the last element to occur is generally,

19  as a practical matter, the injury to the future plaintiff."  See

20  Fox, 35 Cal. 4th at 809.

21    Defendants contend that plaintiff's cause of action

22  accrued in April 2018 because her claims are all premised on her

23  alleged injury resulting from the breakage of her ParaGard IUD

24  during its removal.  (See Reply at 5.)  Plaintiff claims that she

25  "suffered from having a broken arm of the ParaGard in her,

26  causing her damage . . . ."  (Compl. at ¶ 62.)  She alleges that

27  the ParaGard IUD was defective and unreasonably dangerous because

28  it "can and does cause serious harm to the individuals who use

5

it, due to the risk of ParaGard's arm breaking upon removal."
(See Compl. at ¶ 41.)  Plaintiff also states that had defendants'
adequately warned about the risks of ParaGard, her physicians
"would have changed the way they warned Plaintiff about the signs
and symptoms of serious adverse side effects of ParaGard, and
discussed with Plaintiff the true risks of arm breakage and
resulting injuries and complications."  (Id. at ¶ 59.)

        Under plaintiff's theory, her cause of action accrued
when the remaining arm of the ParaGard was removed on May 10,
2018 and that this constituted a separate injury.  (See Pl.'s
Opp. to Defs' Mots. to Dismiss ("Opposition") at 5 (Docket No.
14).)  Plaintiff invokes Aryeh v. Canon Business Solutions, 55
Cal. 4th 1185 (2013), in support of her contention that her claim
is subject to the continuing violation or continuous accrual
exception to the statute of limitations.  (See Opposition at 3-
5.)  The continuing violation doctrine "aggregates a series of
wrongs or injuries for purposes of the statute of limitations,
treating the limitations period as accruing for all of them upon
commission or sufferance of the last of them."  Aryeh, 55 Cal.
4th at 1192.  Under the theory of continuous accrual, a series of
wrongs or injuries may be viewed as each triggering its own
limitations period, "such that a suit for relief is partially
time-barred as regards older events but timely as to those within
the applicable limitations period."  Id.

        The continuing violations and continuous accrual
doctrines are not applicable here.  Both the continuing violation
and continuous accrual doctrines are triggered by ongoing conduct
of the defendant.  See Rattagan v. Uber Tech., Inc., No. 19-cv-

01988-EMC, 2020 WL 4818612, *6 (N.D. Cal. 2020) (citing Richards

v.CH2M Hill, Inc., 26 Cal. 4th 798, 812 (2001).)  The removal of

the ParaGard arm in May 2018 was not a separate act *by defendants*

which would trigger either of these doctrines.  Rather, it was at

most continuing injury from the breakage of the ParaGard IUD upon

removal in April 2018.  As California courts have explained, "if

continuing injury from a completed act generally extended the

limitations periods, those periods would lack meaning.  Parties

could file suit at any time, as long as their injuries

persisted." Vaca v. Wachovia Mortgage Corp., 198 Cal. App. 4th

737, 745 (4th Dist. 2011).  Because the removal of the remaining

arm of plaintiff's ParaGard IUD in May 2018 is better viewed as a

continuing injury, the court agrees with defendants that

plaintiff's cause of action accrued in April 2018, absent the

application of a tolling principle such as the discovery rule.

    B.   Discovery Rule

        Plaintiff relies on the discovery rule to argue the

statute of limitations did not run on her claims prior to filing

suit. (See Compl. at ¶¶ 63-67.)  The discovery rule "postpones

accrual of a cause of action until the plaintiff discovers, or

has reason to discover, the cause of action." See Fox, 35

Cal.4th at 807.  A plaintiff has reason to discover a cause of

action when she at least suspects a factual basis for its

elements or an act of wrongdoing by the defendant. See Norgart,

21 Cal. 4th at 406.  In order to rely on the discovery rule for

delayed accrual of a cause of action, a plaintiff whose complaint

shows on its face that their claim would be time-barred without

the discovery rule must specifically plead facts to show "(1) the

1    time and manner of discovery and (2) the inability to have made

2    earlier discovery despite reasonable diligence." See Fox, 35

3    Cal.4th at 808.  In assessing the sufficiency of the allegations

4    of delayed discovery, "the court places the burden on the

5    plaintiff to show diligence." Id.  "Conclusory allegations will

6    not withstand demurrer." Id.

7         Here, plaintiff fails to specifically plead facts under

8    both prongs of the Fox test.  For example, plaintiff merely

9    states that the nature of her injuries and damages and their

10   relation between the "ParaGard IUD and Defendants' wrongful

11   conduct was not discovered and could not be discovered until a

12   date within the applicable statute of limitations." (See Compl.

13   at ¶ 65.)  This does not describe the manner of her discovery or

14   provide a certain time at which she discovered the connection

15   between Teva and her injuries.  Plaintiff likewise does not give

16   any details as to her "diligent investigation" other than stating

17   that she consulted with her medical providers. (Id.)

18        Eidson v. Medtronic, Inc. is particularly illustrative

19   here.  In Eidson, the plaintiffs likewise sought to invoke the

20   discovery rule in a personal injury action.  See Eidson, 981 F.

21   Supp. at 893.  They did so by stating that despite diligent

22   investigation into the cause of their injuries, including

23   consultations with medical providers, "the nature of [their]

24   injuries and damages, and their relationship to [defendant] was

25   not discovered, and through reasonable care and diligence could

26   not have been discovered" until a date within the statute of

27   limitations. Id.  The court held such statements were conclusory

28   and that plaintiffs failed to meet their burden of sufficiently

1    pleading facts to illustrate that they deserved the benefit of

2    the discovery rule.  Id. at 894.  Plaintiff in this case, using

3    almost identical language to that deemed insufficient in Eidson,

4    has likewise failed to allege enough facts to satisfy the

5    pleading requirements of the discovery rule.  However, under

6    Federal Rule of Civil Procedure 15, leave to amend "should be

7    freely granted when justice so requires."  Id. at 894 (citing

8    Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

9    Accordingly, the court will grant defendants' motions to dismiss.

10           IT IS THEREFORE ORDERED that defendants' motions to

11   dismiss (Docket Nos. 9 and 12) be, and the same hereby are,

12   GRANTED.  Plaintiff's claims are DISMISSED WITHOUT PREJUDICE with

13   leave to amend to allege additional facts regarding discovery

14   within 20 days of this order.[1]  Failure to cure the deficiencies

15   identified in this order will result in dismissal of the

16   complaint with prejudice.

17   Dated:  September 22, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

22        [1]   For the first time in oral argument, without even a
passing mention of it in her complaint or opposition brief
23   plaintiff cited to Emergency Rule 9, which was enacted by the
Judicial Council of California on April 6, 2020 due to the COVID-
24   19 pandemic.  See Judicial Council of California, Amended Cal.
Rules of Court, Emergency Rule 9.  This rule purports to suspend
25   from "April 6, 2020, until October 1, the statutes of limitation
and repose for civil causes of action that exceed 180 days."  See
26   Emergency Rule 9.  When plaintiff amends her complaint, if she
wishes to rely on this rule, she must make it evident in her
27   complaint so that she does not take both the court and opposing
counsel by surprise again.

9