UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| PATRICIA HUITT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br>TEVA WOMEN'S HEALTH LLC; TEVA<br>WOMEN'S HEALTH INC.,<br><br>　　　　Defendants. | No. 2:20-cv-00954-WBS-KJN<br><br>ORDER RE: MOTION TO STAY PROCEEDINGS PENDING A DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION |

----oo0oo----

Plaintiff Patricia Huitt ("plaintiff") brought this action against Defendants Teva Women's Health, LLC, Teva Women's Health, Inc., and Teva Pharmaceutical USA, Inc ("defendants" or "Teva") seeking damages related to defendants' design manufacture, surveillance, sale, marketing, advertising, promotion, labeling, packaging, and distribution of the ParaGard Intrauterine Medical Device ("ParaGard IUD"). Before the court is plaintiff's Motion to Stay Proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") as to

1

whether a coordinated or consolidated multidistrict proceeding for this action and related actions should be established. ("Mot. to Stay") (Docket No. 27.)[1]

I.  Discussion[2]

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  District courts ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.  See Rhines v. Weber, 544 U.S. 269, 276 (2005). Consideration of such a stay calls for "the exercise of judgment which must weigh competing interests and maintain an even balance."  See Landis, 299 U.S. at 254–55.

When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.  See Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997.)  Defendants do not contend that they would be prejudiced if this court granted plaintiff's

---

[1] The motion for transfer of actions pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings was made on September 24, 2020.  (See Mot. to Stay, Ex. A. at 3.)

[2] The court already recited the factual and procedural background in its order granting defendants' motion to dismiss. (See Order Granting Mot. to Dismiss at 2 (Docket No. 20).) Accordingly, the court will refrain from doing so again.

2

motion to stay.  Their opposition merely states that they opposed the motion filed with the JPML because they disagree that there are "common factual and legal issues" among the ParaGard cases, including this case, that make multidistrict litigation appropriate. (See Def.'s Opp'n. to Mot. to Stay at 3.) (Docket No. 30.)  Plaintiff has not argued that she would face hardship and inequity if the action is not stayed.  Plaintiff instead advocates for an interim stay in order to promote judicial economy and avoid inconsistent results.  (See Mot. to Stay at 4.)

Judicial resources will be conserved by staying this matter.  The prospect of duplicative motion practice and discovery proceedings suggests that judicial economy weighs heavily in favor of the stay.  See Am. Seafood, Inc. v. Magnolia Processing, Inc., Civ. A. Nos. 92-1030, 92-1086, WL 102762, (E.D. Pa. May 7, 1992).  After consideration, and because defendants do not argue that they will be prejudiced if this action is stayed, the court concludes that it is in the best interest of judicial economy to stay this case pending a decision by the JPML as to whether the ParaGard cases will be coordinated or consolidated.

IT IS THEREFORE ORDERED that plaintiff's Motion to Stay Proceedings is hereby GRANTED.  All proceedings in this action are hereby stayed until January 25, 2021.  A virtual status conference is set on January 25, 2021, at 1:30 p.m., to determine whether the stay should be lifted or extended.  The parties shall file a joint status report by January 20, 2021, informing the court of the status of the current proceedings before the JPML.

///

///

IT IS SO ORDERED.

Dated:  December 14, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE