# UNITED STATES JUDICIAL PANEL
## on
# MULTIDISTRICT LITIGATION

**FILED**

**Jan 04, 2021**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN RE: PARAGARD IUD PRODUCTS                                MDL No. 2974
LIABILITY LITIGATION


## TRANSFER ORDER


**Before the Panel**: Plaintiff in an action pending in the Central District of California (*Traylor*) moves under 28 U.S.C. § 1407 to centralize this litigation in that district, or, in the alternative, the Northern District of Georgia, the Western District of Missouri, or the Eastern District of Louisiana.  The litigation consists of 55 actions pending in 31 districts as listed on the attached Schedule A.  The Panel has been notified of more than 25 potentially-related actions.[1]

Plaintiff in one of the actions pending in the Northern District of Georgia (*Rodriguez*) supports centralization in the Central District of California, or, in the alternative, the Northern District of Georgia.[2]  Defendants Teva Pharmaceuticals USA, Inc., Teva Women's Health, Inc., Teva Women's Health, LLC, Teva Branded Pharmaceutical Products R&D, Inc., The Cooper Companies, Inc., and CooperSurgical, Inc., submitted a joint response in opposition to centralization. If an MDL is created over their objections, defendants argue for centralization in the Southern District of New York or, in the alternative, the Middle District of Florida or the Southern District of California.

After considering the arguments of counsel,[3] we find that these actions involve common questions of fact, and that centralization in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions involve common allegations that the Paragard intrauterine device (IUD) has a propensity to break upon removal, causing complications and injuries, including surgeries to remove the broken piece of the device, infertility, and pain.  The actions thus implicate questions concerning the device's development, manufacture, testing, labeling, and marketing.  Centralization will avoid

---

[1]     These and any other related actions are potential tag-along actions.  *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2]     In the Notice of Presentation of Oral Argument submitted by the *Rodriguez* plaintiff's counsel, counsel stated that plaintiff supports centralization in the Northern District of Georgia, in the first instance.

[3]     In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by video conference at its hearing session of December 3, 2020.  *See* Suppl. Notice of Hearing Session, MDL No. 2974  (J.P.M.L. Nov. 16, 2020), ECF No. 52.

-2-

duplicative discovery and other pretrial proceedings, as well as the possibility of inconsistent rulings on *Daubert* motions and other pretrial matters. Given the number of involved actions and districts, alternatives to centralization do not appear practicable.

In opposing centralization, defendants argue that the named defendants vary somewhat from action to action. They point out, for example, that a number of plaintiffs have sued not only the past and present holders of the New Drug Application (NDA) for Paragard,[4] but also the parent corporations of those entities (i.e., Teva Pharmaceuticals USA, Inc., and The Cooper Companies, Inc.). These differences, however, appear to be relatively insignificant and susceptible to early resolution. They are unlikely to pose significant or ongoing management problems for the transferee judge.

Defendants also argue that plaintiffs' claims (specifically, their failure-to-warn, defective design, and manufacturing defect claims) fail as a matter of law. The Panel, however, has no authority to make such an assessment. *See In re Kauffman Mutual Fund Actions*, 337 F. Supp. 1337, 1339-40 (J.P.M.L. 1972) ("The framers of Section 1407 did not contemplate that the Panel would decide the merits of the actions before it and neither the statute nor the implementing Rules of the Panel are drafted to allow for such determinations."); *see also In re Air Crash over the Southern Indian Ocean, on Mar. 8, 2014*, 190 F. Supp. 3d 1358, 1360 (J.P.M.L. 2016) ("Plaintiffs are, to some extent, asking the Panel to pre-judge the merits of these actions—something we are neither authorized nor inclined to do.").

Defendants further argue that each of the involved cases will turn on unique, plaintiff-specific issues, including, for example, whether the plaintiff's healthcare provider would have prescribed Paragard for the plaintiff if the device had come with different warnings. As the Panel previously has observed, however, "[a]lmost all injury litigation involves questions of causation that are case- and plaintiff-specific. Those differences are not an impediment to centralization where common questions of fact predominate."[5] *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F.Supp.3d 1402, 1403 (J.P.M.L. 2014); *see also In re Profemur Hip Implant Prods. Liab. Litig.*, — F. Supp. 3d —, 2020 WL 4670695, at *2 (J.P.M.L. Aug. 7, 2020) (same).

Finally, defendants contend that creation of an MDL would lead to the filing of numerous non-meritorious cases that will evade individualized scrutiny, thereby creating pressure on

---

[4]     As explained by defendants, Teva Women's Health, Inc., held the Paragard NDA from November 10, 1995 to August 11, 2017; Teva Women's Health, LLC, held the NDA from August 12, 2017 to November 1, 2017; and CooperSurgical, Inc., acquired the NDA on November 2, 2017.

[5]     *In re Xarelto (Rivaroxaban) Prods. Liab. Litig.*, 65 F. Supp. 3d 1402, 1403 (J.P.M.L. 2014) (centralizing 21 actions (more than 30 tag-alongs)); *see also In re Profemur Hip Implant Prods. Liab. Litig.*, — F. Supp. 3d —, 2020 WL 4670695, at *2 (J.P.M.L. Aug. 7, 2020) (centralizing 41 actions (21 tag-alongs)) (same).

-3-

defendants to settle.   The Panel has rejected essentially this same argument on multiple occasions, and does so again here.  *See, e.g., In re Xarelto*, 65 F. Supp. 3d at 1405 ("Nor are we persuaded by defendants' related argument that an MDL will generate the filing of voluminous claims without due diligence by plaintiffs' counsel. The Panel often has observed that '[t]he response to such concerns more properly inheres in assigning all related actions to one judge committed to disposing of spurious claims quickly.'") (quoting *In re Seroquel Prods. Liab. Litig.*, 447 F. Supp. 2d 1376, 1378 (J.P.M.L. 2006)); *see also In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379, 1381 (J.P.M.L. 2014) ("T]he transferee court handling several cases in an MDL likely is in a better position—and certainly is in no worse position than courts in multiple districts handling individual cases—to properly address meritless claims. There are many tools a transferee court may use to accomplish this task. And importantly, if defendants believe plaintiffs' counsel are filing frivolous claims, it is incumbent upon defense counsel to bring that concern to the attention of the transferee court, and to propose a process to identify and resolve such claims.").

We select the Northern District of Georgia as the transferee district.  This litigation is nationwide in scope.  More than 80 actions are pending across the country in over three dozen districts.  As the parties themselves acknowledge, no one district stands out as the geographic focal point, and all cases are at an early stage.  The Northern District of Georgia, where six constituent actions are pending, is a convenient, readily accessible forum.  Judge Leigh Martin May, to whom we assign the litigation, is an experienced jurist who has not yet had the opportunity to preside over an MDL.  We are confident that she will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia, and, with the consent of that court, assigned to the Honorable Leigh Martin May for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| Catherine D. Perry | Nathaniel M. Gorton |
|---|---|
| Matthew F. Kennelly | David C. Norton |
| Roger T. Benitez | Dale A. Kimball |

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Dec 29 2020

JAMES N. HATTEN, Clerk

By: s/R. Bachelor

Deputy Clerk

IN RE: PARAGARD IUD PRODUCTS                                    MDL No. 2974
LIABILITY LITIGATION


## SCHEDULE A

District of Arizona

SMITH v. TEVA PHARMACEUTICALS USA INCORPORATED, ET AL.,
        C.A. No. 2:20-01675

Central District of California

TRAYLOR v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
        C.A. No. 2:19-10824
HALPERIN v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
        C.A. No. 2:19-10825
RILEY v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-00005
WENGER v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-07550

Eastern District of California

HUITT v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-00954

Middle District of Florida

LEPINE v. TEVA PHARMACEUTICALS USA INC., ET AL., C.A. No. 8:20-02002
TREDWAY v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
        C.A. No. 8:20-02087

Northern District of Florida

BRANCH v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 4:20-00378

Southern District of Florida

GENOSIER v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
        C.A. No. 0:20-61957

Northern District of Georgia

PLENDL v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-03666
SPENCER v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
        C.A. No. 1:20-03667
TATUM v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-03668
MCCLARTY v. TEVA PHARMACEUTICALS USA, INC., ET AL.,

- A2 -

C.A. No. 1:20-03719
LEWIS v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-03942
RODRIGUEZ v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
C.A. No. 1:20-03945

District of Idaho

UPTON v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-00022

Northern District of Illinois

RENELLA v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-05193

Southern District of Illinois

PARKER v. COOPERSURGICAL, INC., ET AL., C.A. No. 3:20-00494

Eastern District of Louisiana

ARIAS v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-02261

District of Maryland

WHITE v. TEVA PHARMACEUTICALS, US., INC., ET AL., C.A. No. 1:20-02435

Eastern District of Michigan

SCHOENFELD v. TEVA PHARMACEUTICALS, USA, INC., ET AL.,
C.A. No. 2:20-12366
AL-QAWIE v. TEVA PHARMACEUTICALS, USA, INC., ET AL.,
C.A. No. 4:20-12248

District of Minnesota

KRUZEL v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 0:19-03182
WAGONER-TROXEL v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
C.A. No. 0:20-01871

- A3 -

Western District of Missouri

BURRELL v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 4:20-00687
WARREN v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 4:20-00744
SMITH v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 4:20-00746
MENDE v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 4:20-00747

District of New Mexico

HEGARTY v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-00970
RENARD v. TEVA PHARMACEUTICALS, USA, INC., ET AL., C.A. No. 2:20-00809

Northern District of New York

JOHNSON v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-01019

Southern District of New York

LEWIS v. TEVA PHARMACEUTICALS, USA, INC., ET AL., C.A. No. 1:20-04048
MELENDEZ v. TEVA PHARMACEUTICALS, USA, INC., ET AL.,
    C.A. No. 1:20-06683
HARNISH v. TEVA PHARMACEUTICALS, USA, INC., ET AL., C.A. No. 7:20-05942
ROJAS v. TEVA PHARMACEUTICALS, USA, INC., ET AL., C.A. No. 7:20-06448

Eastern District of North Carolina

BARRETT v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 5:20-00442

Southern District of Ohio

DESELMS v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-00938
HOLLEY v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-04210

Eastern District of Pennsylvania

FERRELL v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-04483

Middle District of Pennsylvania

GARGBER v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-01529
SHANK v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20-01536

- A4 -

District of South Carolina

BOWERS v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 6:20-03250

Middle District of Tennessee

ROUTT v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:19-00103

Eastern District of Texas

MOORE, ET AL. v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
     C.A. No. 1:20-00369

Northern District of Texas

BIBBS v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 3:20-02979

Southern District of Texas

PEREZ v. TEVA PHARMACEUTICALS, USA, INC., ET AL., C.A. No. 2:20-00212
BARCELO v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 4:20-00017

District of Utah

WALLIS v. TEVA WOMEN'S HEALTH, INC., ET AL., C.A. No. 1:19-00148
REITH v. TEVA PHARMACEUTICALS USA, ET AL., C.A. No. 2:19-00994
JOHNSON v. TEVA PHARMACEUTICALS USA, ET AL., C.A. No. 2:20-00586

Eastern District of Virginia

MCINTOSH v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
     C.A. No. 1:20-00921

Western District of Washington

RAY v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-01384

Eastern District of Wisconsin

WEDDLE v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-00585
BENOTCH v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 2:20-01296